IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY LARUE OVERSHOWN, (TDCJ-CID #01025570) | § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION H-10-1814 |
| PAT LYKOS, | | |
| Defendant. | | |

## MEMORANDUM AND OPINION

Larry LaRue Overshown, an inmate of the Harris County Jail,[1] sued in May 2010, alleging civil rights violations resulting from an illegal arrest and malicious prosecution. Overshown, proceeding *pro se* and *in forma pauperis*, sues Pat Lykos, the Harris County District Attorney. For the reasons explained below, Overshown's claims lack merit and are dismissed.

I.   The Allegations in the Complaint

Overshown alleges that on June 4, 2007, he was stopped for a traffic violation. A search of his vehicle revealed a gun. Overshown was charged with possessing a prohibited weapon (Cause Number 1119559) and with being a felon in possession of a weapon, (Cause Number 1119558). On June 5, 2007, the judge dismissed the charge of possessing a prohibited weapon. Overshown alleges that the Harris County District Attorney's Office continued to prosecute him on the felon in possession charge. He was acquitted of that charge on May 24, 2008. Overshown alleges that the

---

[1] Online research reveals that Overshown remains in the Harris County Jail on a pending motion to revoke his parole.

prosecutor acted without probable cause and that the criminal prosecution damaged his life. Overshown seeks unspecified compensatory, punitive, and monetary damages.

## II. The Standard of Review

A district court must dismiss a prisoner's *in forma pauperis* complaint if it is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss a complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)).

## III. Discussion

Overshown seeks damages against the Harris County District Attorney for her conduct in the prosecution of the criminal case. A prosecutor has absolute immunity from such damages claims. *Beck v. Texas State Bd. Of Dental Examiners*, 204 F.3d 629, 637 (5th Cir. 2000) (citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

The actions Overshown complains about are all related to the judicial process and were undertaken in furtherance of the prosecutor's advocacy function in representing the government. Defendant Pat Lykos is entitled to absolute immunity from the allegations in Overshown's suit. The damages claims against her are dismissed.

## IV. Conclusion

Overshown's motions for leave to proceed *in forma pauperis,* (Docket Entry Nos. 2 & 3), are granted. The action lacks an arguable basis in law and is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot.

The TDCJ-ID must deduct twenty percent of each deposit made to Overshown's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) Sergeant M.E. McKinney, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, , Fax 713-755-4546; and

(2) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on June 11, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge